11-536-ag
Diallo v. Holder

BIA
A097 752 779

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of August, two thousand twelve.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
>
> *Circuit Judges.*

---

ALLARENY DIALLO,

> *Petitioner-Appellant,*

v.                                                     No. 11-536-ag

ERIC H. HOLDER, United States Attorney General,

> *Respondent-Appellee.*

---

**FOR PETITIONER-APPELLANT:**   THEODORE VIALET, New York, NY.

**FOR RESPONDENT-APPELLEE:**   BLAIR O'CONNOR (Tony West, Assistant Attorney General, Holly M. Smith, Senior Litigation Counsel *on the brief*), Office of Immigration Litigation, Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Allareny Diallo, a native of former Guinea-Bissau and citizen of Guinea, seeks review of the January 14, 2011, order of the Board of Immigration Appeals ("BIA") denying his motion to reopen. *In re Allareny Diallo*, No. A097 752 779 (B.I.A. Jan. 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). The BIA's denial of Diallo's motion to reopen as untimely was not an abuse of discretion. *See id.* An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Diallo's June 2010 motion was untimely, as the BIA's final administrative decision was issued in October 2007. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

It is true that the time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). However, the BIA's finding that Diallo failed to demonstrate changed country conditions is supported by substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Diallo asserts that he established material changed country conditions based on his recent participation in the Union of Democratic Forces in Guinea in the United States, and the increased human rights abuses against ethnic Fulanis and political opposition members like him by the new Guinean military regime. Although Diallo provided evidence that the military regime committed violence against opposition members in Guinea, the BIA reasonably found that Diallo did not establish that the Guinean government would persecute him for his political activism in the United States. Indeed, as the BIA noted, the military regime is no longer in power. Contrary to Diallo's contention, it was his burden to proffer new, previously unavailable evidence to demonstrate that he would be persecuted in Guinea under the current government. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA also reasonably afforded diminished weight to his affidavit and to his wife's letter because they were, to a significant extent, not based on personal knowledge, and Diallo's wife's letter was unsworn. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Because Diallo failed to establish changed country conditions regarding the treatment of opposition members, the BIA did not abuse its discretion in denying his motion because he only demonstrated a change in personal circumstances. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir. 2006).

The BIA did not address explicitly whether Diallo established changed country conditions relating to his claim that he feared persecution based on his Fulani ethnicity. However, the basis for that fear was the same 2009 massacre, perpetrated by a former government, which formed the basis for his claim of changed conditions with respect to his political opinion. Therefore, we conclude that the BIA would reach the same conclusion on his ethnicity claim because he did not proffer evidence showing changed country conditions under the current government, making remand futile. *See id.* at 275-76 (court of appeals should not remand to the BIA where doing so would be futile).

**CONCLUSION**

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3